6987

COLLETON MERCANTILE AND MANUFACTURING CO. v.
ATLANTIC COAST LINE R. R. CO.

Carrier—Freight—Penalty—Constitutional    Law—Presumptions.—
From delivery by a carrier in this State of a part of an interstate
shipment, without explanation of the loss of a part thereof, the loss
is presumed to have occurred on the terminal carrier, and the appli-
cation of the penal statute, 24 Stat., 81, to such case does not con-
travene the interstate commerce clause of the Federal Constitution.

Before Gage, J., Colleton, December, 1907.    Affirmed.

Action by Colleton Mercantile and Manufacturing Com-
pany against Atlantic Coast Line Railroad Company.
From Circuit judgment, affirming judgment of Magistrate
J. E. Bryan, defendant appeals.

*Messrs. P. A. Willcox* and *J. E. Peurifoy,* for appellant.
*Mr. Willcox* cites: 91 U. S., 279; 163 U. S., 142; 146 U.
S., 122; 196 U. S., 194.

*Mr. J. G. Padgett,* contra, cites: 73 S. C., 71, 140, 542;
78 S. C., 167.

The opinion in this case was filed August 4, 1908, but
remittitur held up on application for writ of error to
United States Supreme Court.   No action was taken, and
the Reporter casually learned the case had been settled
and application for writ of error abandoned on

January 8, 1909.   The opinion of the Court was deliv-
ered by

Mr. Justice Jones.   The sole question presented in
this case is whether the penalty statute of 1893 (24 St. at
Large, p. 81) violates the interstate commerce clause of
the Federal Constitution in so far as it relates to the failure

to adjust claim for loss of freight shipped from a point in New York to Walterboro, in this State. A part of the single shipment of hats was delivered by defendant to plaintiff at destination, and in the absence of explanatory evidence the presumption is that the loss occurred while the goods were in possession of defendant. The statute was designed to effectuate an important public purpose, with respect to the duty of common carriers in this State, and the delict penalized occurred in this State. It has been several times decided that the statute in question does not interfere with interstate commerce. *Charles* v. *Railway Co.*, 78 S. C., 36, 58 S. E., 927; *Venning* v. *A. C. L. R. R. Co.*, 78 S. C., 57, 58 S. E., 983, 12 L. R. A. (N. S.), 1217; *Von Lehre* v. *A. C. L. R. Co.*, 78 S. C., 167, 168, 59 S. E., 1135.

The judgment of the Circuit Court is affirmed.